SELLICK <em>against</em> FOX.

IN ERROR on *certiorari*. *Fox* sued *Sellick* in the court below, and declared against him, on a promissory note, for 15 dollars and 30 cents, with interest; the defendant pleaded to the jurisdiction of the court, because the accounts between the parties exceeded 200 dollars, but did not state the nature of

Where a defendant in a justice's court pleads to the jurisdiction, because the accounts between the parties exceed two hundred dollars, but does not exhibit nor set off his account, and fails in substantiating his plea, he cannot, afterwards, at the trial, produce his account as a set-off.

NEW-YORK,
May, 1815.

SELLICK
v.
FOX.

the account, or claim any balance due him, and expressly refused to set off any account or demand against the plaintiff. The cause was then adjourned by consent of parties, and a *venire* issued. At the day of trial, the defendant proceeded to give evidence under his plea to the jurisdiction of the court, and produced an account against the plaintiff for about 80 dollars, and proved a very small part thereof, by his son, whose testimony was by no means satisfactory; and the justice overruled the plea. The plaintiff proved his note, and the defendant then offered to give his account in evidence as a set-off, which was objected to, and excluded by the justice, because he had refused to exhibit or state it, at the time of joining issue. The jury found a verdict for the plaintiff.

*Per Curiam.* The set-off was properly rejected, according to the decision in *Waring* v. *Lockwood*, (10 *Johns. Rep.* 108.;) where it is expressly ruled, that if a defendant has any account or demand against the plaintiff, he must plead it, or give notice of the set-off at the time of joining the issue; and if he neglects to do so, he cannot make the set-off, afterwards, at the trial. This was not like the case of *Smith* v. *Burke*, (10 *Johns. Rep.* 110.) relied upon by the plaintiff in error. The defendant there produced his account at the time of joining the issue, amounting to 229 dollars and 34 cents, by way of set-off, and to show the justice had not jurisdiction. The whole of the account was rejected, because, as the justice said, it was not fully substantiated: and this court say, although the sum proved might not amount to 200 dollars, so as to take away the jurisdiction of the justice, yet if it was substantiated to any sum less than 200 dollars, it ought to have been received. But had not the account been produced at the time of joining the issue, the decision would, doubtless, have been conformable to that of *Waring* v. *Lockwood*, for both causes were decided at the same term. The judgment must, therefore, be affirmed.

Judgment affirmed.